GreeN, J.
delivered the opinion of the court.
The parties complainant and, defendant Harklerode, were partners in an Iron establishment in Virginia. The plaintiff in this cause, has heretofore filed another bill against the defendant, Harklerode, and others, to settle up the partnership, and to restrain the other defendants from paying out to Harklerode the monies they owe him. During the pending of that bill, the parties agreed to arbitrate the matters in dispute, and an order of court was made, submitting the cause to the arbitrament of George Buckheart, John R. Dulaney, and Edward Latham, whose award was to be the decree of the court.
While the arbitration was pending, the defendant, Harkle-rode, proposed that the complainant should take a claim upon one Sawyers, (who had been an agent of the firm,) for between three and five hundred dollars as so much of his portion of the effects of the business. The defendant, Harklerode, urged the complainant to accept this claim, insisting that Sawyers was honest and solvent, and that his own bad health prevented him from visiting Sawyers. Brown finally agreed to take the claim, and the arbitrators estimated Harklerode’s interest in the claim *20 on Sawyers at $175. They deducted lhatsum from the amount Harklerode had fallen in debt to the complainant, and made their award accordingly.
It appeared to the arbitrators, that the firm was then in debt to various persons about five hundred dollars, but they made no award as to the payment of these debts.
This bill is brought by the complainant, to set aside so much of the award as assigned the claim on Harklerode to him, and to settle up the debts due from the firm to other persons.
It appears in proof, that the defendant, Harklerode, had engaged the agency of Sawyers for the firm," knowing him and his circumstances, having had considerable dealings with him, but that, Brown, the complainant was uninformed in relation to said agent, or to the state of the dealings with him. After the claim on Sawyers was assigned to the complainant, he placed it in the hands of an agent, and sent him to Sawyers to collect the amount. Sawyers told the agent of complainant, that on a settlement he would owe Harklerode little or nothing, and declined to pay any part of the amount. The sheriff of the county, and others, informed the agent that it would be useless to sue Sawyers, as nothing could be made out of him. The defendant has taken the deposition of Sawyers in this suit, in which he states, that he told complainant’s agent that he would owe Harklerode little or nothing on settlement. He says he could not have paid the claim in money, but thinks he could have paid it in property.
The Chancellor decreed, that the defendant, Harklerode, should make good his representations in relation to Sawyers, and should pay the complainant the amount the cash and claims on Sawyers were estimated at by the arbitrators in making their award, and that he should pay one-half the debts due from the firm. From this decree the defendant appealed.
The evidence of all three of the arbitrators, is conclusive as to the representations Harklerode made of the honesty and solvency of Sawyers, and of his own state of health, as the reason he wished Brown to take the claim. These representations turn out to have been false. Nothing has been realized from Sawyers, and it is questionable whether the claim or any *21 part of it will ever be collected. Harklerodo’s representations imposed upon Brown, and induced him to take these claims instead of cash, and being false, Brown was defrauded thereby. Harklerode has no right to insist that Brown shall establish the insolvency of Sawyers by a suit. The opinion of the witnesses, and Sawyers’ own statement are sufficient to establish the falsehood of the representations by which this part of the award was procured, and being procured by fraud, it is not binding on Brown.
The Chancellor’s decree is, therefore, substantially correct. But as all the arbitrators prove, that Harklerode’s interest in the claim on Sawyers was estimated at $175, which sum was taken from the amount Harklerode was found indebted to Brown, the complainant is entitled to a decree for the $175 only, with interest from the date of the award. The claim on Sawyers will remain a firm debt, and if collected, in whole or in part, will belong to the parties equally.
The award of the arbitrators settled nothing as to the debts of the firm that remain unpaid. The liabilities of the partners in relation to these debts remain, therefore, as if there had been, no award. The partners- must pay them equally, as the Chancellor decreed. But the complainant has no right to a decree against the defendant for one-half of these debts. Justice to each party requires that the cause shall be retained until all the debts are paid, that each may be protected against liabilities beyond his just proportion.
The decree of the Chancellor will be modified as above indicated, and the costs of the Chancery Court shall be paid as directed by the Chancellor’s decree, and each party shall pay half the the cost of this appeal.